# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| **VERNON LOMBARD, an individual,** | |
| **Plaintiff,** | **Civil Action No. _____** |
| **v.** | |
| **LUMEN LABS (HK) LIMITED, a Hong Kong entity,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Vernon Lombard ("Plaintiff") hereby complains of Defendant Lumen Labs (HK) Limited d/b/a Lumos Helmets ("Defendant") and alleges as follows:

## PARTIES

1.    Plaintiff is an individual residing in Louisiana.

2.    Defendant is an entity organized under the laws of Hong Kong, which is a Special Administrative Region of China, having a place of business at 21st Floor, CMA Building, 64 Connaught Road Central, Hong Kong.

3.    Defendant is subject to the jurisdiction of this Court because it has engaged in systematic and continuous business activities in the District.  As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

## JURISDICTION AND VENUE

4.    This is an action for patent infringement arising under 35 U.S.C. § 271.

5.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.    Defendant is subject to personal jurisdiction in the State of Texas and this District because it is doing, and has done, substantial business in this District, including business related to the sale and distribution of the Accused Products.  Accused Products include the Lumos Kickstart, Lumos Ultra, Lumos Ultra E-Bike, and Lumos Nyxel products.  Defendant has continuous and systematic business contacts with the State of Texas and directly, or through intermediaries such as distributors, conducts business in Texas by shipping, distributing, offering for sale, selling, and advertising (including the provision of an interactive web page, *see, e.g.*, https://www.ridelumos.com) the Accused Products in the State of Texas.  The interactive web page can be accessed in the State of Texas and this District, and it expressly offers products for sale to customers in the United States and ships those products to those customers.  Defendant,

1

directly, or through intermediaries, such as distributors, has also purposefully and voluntarily placed the Accused Products into the stream of commerce with the intention and expectation that they will be purchased and used by consumers in this District.  Therefore, the exercise of jurisdiction over Defendant is appropriate under the applicable jurisdictional statutes consistent with traditional notions of fair play and substantial justice.

7.    Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(c)(3) because Defendant is a foreign company and is not resident in the United States.

## PATENTS IN SUIT

8.    Plaintiff is the owner of all right, title, and interest in, and sole inventor of U.S. Patent Nos. 8,608,333, titled Helmet Lighting System ("the '333 patent"), 10,039,336, titled Helmet Lighting System ("the '336 patent"),  11,291,261, titled Helmet Lighting System ("the '261 patent"), 11,717,045, titled Helmet Lighting System ("the '045 patent), 12,310,444, titled Helmet Lighting System ("the '444 patent"), 10,030,864, titled Helmets with Lighting and Lighting Systems for Helmets ("the '864 patent") and 11,867,387, titled Helmets with Lighting and Lighting Systems for Helmets ("the '387 patent").  The '333, '336, '261, '045, and '444 patents are in the same family, and the '864 and '387 patents are in the same family.  Each of these seven (7) patents was duly issued by the U.S. Patent and Trademark Office and is presumed valid.

## DEFENDANT'S INFRINGEMENT

9.    Defendant offers for sale and sells in the United States, for example, on its website and online marketplaces, such as Amazon.com, products that infringe the patents in suit.  These websites and online marketplaces are accessible in the United States, including in this District.

10.   Since no later than 2022, Plaintiff has provided written notice to Defendant regarding Plaintiff's patents and Defendant's infringement of those patents.  For example, on June 1, 2022,

Plaintiff sent a letter to Defendant regarding Defendant's use of Plaintiff's patents and providing notice of the '333, '336, and '261 patents, as well as U.S. Patent Nos. 7,846,816, 8,192,043, 9,392,832, and 10,786,029, which are in the same family as the '333, '336, and '261 patents.  As another example, on July 8, 2022, Plaintiff sent another letter to Defendant identifying, as an example, how Defendant's Kickstart product infringes the '261 patent.  As another example, on March 20, 2024, Plaintiff sent another letter to Defendant regarding Defendant's continued infringement of the '045 and '261 patents.

11. Defendant has continued to offer for sale and sell its infringing products after receiving Plaintiff's letters.

## COUNT I

### (Patent Infringement of the '333 Patent)

12.   Plaintiff realleges Paragraphs 1-11, as if fully set forth herein.

13.   This is a claim for patent infringement under 35 U.S.C. § 271.

14.   Defendant has directly infringed one or more claims of the '333 patent in at least this District by at least offering to sell, selling and/or importing, without limitation, the Lumos Kickstart product, as summarized in the chart attached hereto as Exhibit 1 and incorporated herein both literally and/or under the doctrine of equivalents.  The chart in Exhibit 1 provides an exemplary, non-limiting demonstration showing how Defendant's Kickstart product infringes claim 1 of the '333 patent.

15.   Defendant has had actual knowledge of its infringement of the '333 patent at least since Plaintiff provided written notice.  Since at least receiving this written notice, Defendant directly infringed one or more claims of the '333 patent by at least offering to sell, selling and/or importing, without limitation, the Lumos Kickstart product.  Also, since at least receiving this

11697584v1

written notice, Defendant has actively, knowingly, and intentionally induced infringement of the '333 Patent, literally and/or under the doctrine of equivalents, by selling its infringing products to its customers and instructing its customers to use the products when riding bicycles, as shown on Defendant's                                                    webpage.                              *See* https://web.archive.org/web/20240418212423/https://ridelumos.com/collections/commuter-bike-helmets/products/lumos-kickstart.

16.    Defendant undertook its acts of infringement without permission or license from Plaintiff.  Defendant had actual knowledge of Plaintiff's rights in the '333 patent.  Defendant undertook its acts of infringement despite an objectively high likelihood that such activities infringed the '333 patent.  Defendant knew, or it was so obvious that Defendant should have known, that its actions constitute infringement of the '333 patent. Accordingly, Defendant's actions constitute willful and intentional infringement of the '333 patent.

17.    Defendant has directly infringed, and continues to directly infringe, one or more claims of the '333 patent in at least this District by at least offering to sell, selling and/or importing, without limitation, the Lumos Ultra product, as summarized in the chart attached hereto as Exhibit 2 and incorporated herein both literally and/or under the doctrine of equivalents. The chart in Exhibit 2 provides an exemplary, non-limiting demonstration showing how Defendant's Ultra product infringes claim 1 of the '333 patent.

18.    Defendant has also directly infringed, and continues to directly infringe, one or more claims of the '333 patent in at least this District by at least offering to sell, selling and/or importing, without limitation, the Lumos Ultra E-Bike product, as summarized in the chart attached hereto as Exhibit 3 and incorporated herein both literally and/or under the doctrine of equivalents. The

chart in Exhibit 3 provides an exemplary, non-limiting demonstration showing how Defendant's Ultra E-Bike product infringes claim 1 of the '333 patent.

19.    By no later than the time of the filing of this action, Defendant knew, or should have known, that its actions constitute infringement of the '333 patent.  Defendant has nonetheless continued in its infringement.  Also, since at least the filing of the complaint, Defendant has actively, knowingly, and intentionally induced infringement of the '333 patent, literally and/or under the doctrine of equivalents, by selling its infringing products to its customers and instructing its customers to use the products when riding bicycles or e-bikes, as shown on Defendant's webpages.

https://web.archive.org/web/20240418212423/https://ridelumos.com/collections/commuter-bike-helmets/products/lumos-kickstart;                https://ridelumos.com/products/lumos-ultra; https://ridelumos.com/products/lumos-ultra-e-bike.

20.    Defendant has continued to undertake its acts of infringement without permission or license from Plaintiff.  Defendant has continued to undertake its acts of infringement despite an objectively high likelihood that such activities infringed the '333 patent.  Defendant has known, or it was so obvious that Defendant should have known, that its actions constitute infringement of the '333 patent.  Accordingly, Defendant's actions constitute willful and intentional infringement of the '333 patent.

21.    Pursuant to 35 U.S.C. § 284, Plaintiff is entitled to damages for Defendant's infringing acts and treble damages, together with interest and costs as fixed by this Court.

22.    Pursuant to 35 U.S.C. § 285, Plaintiff is entitled to reasonable attorneys' fees for the necessity of bringing this claim.

5

23.    As a result of Defendant's actions constituting patent infringement, Plaintiff has suffered great and irreparable injury, for which Plaintiff has no adequate remedy at law.

24.    Defendant will continue to infringe Plaintiff's patent rights to the great and irreparable injury of Plaintiff unless Defendant is enjoined by this Court.

## COUNT II

### (Patent Infringement of the '336 Patent)

25.    Plaintiff realleges Paragraphs 1-24, as if fully set forth herein.

26.    This is a claim for patent infringement under 35 U.S.C. § 271.

27.    Defendant has directly infringed one or more claims of the '336 patent in at least this District by at least offering to sell, selling and/or importing, without limitation, the Lumos Kickstart product, as summarized in the chart attached hereto as Exhibit 4 and incorporated herein both literally and/or under the doctrine of equivalents. The chart in Exhibit 4 provides an exemplary, non-limiting demonstration showing how Defendant's Kickstart product infringes claim 1 of the '336 patent.

28.    Defendant has had actual knowledge of its infringement of the '336 patent at least since Plaintiff provided written notice.  Since at least receiving this written notice, Defendant directly infringed one or more claims of the '336 patent by at least offering to sell, selling and/or importing, without limitation, the Lumos Kickstart product.  Also, since at least receiving this written notice, Defendant has actively, knowingly, and intentionally induced infringement of the '336 Patent, literally and/or under the doctrine of equivalents, by selling its infringing products to its customers and instructing its customers to use the products when riding bicycles, as shown on Defendant's                                   webpage.                                   *See*

https://web.archive.org/web/20240418212423/https://ridelumos.com/collections/commuter-bike-helmets/products/lumos-kickstart.

29.    Defendant undertook its acts of infringement without permission or license from Plaintiff.  Defendant had actual knowledge of Plaintiff's rights in the '336 patent.  Defendant undertook its acts of infringement despite an objectively high likelihood that such activities infringed the '336 patent.  Defendant knew, or it was so obvious that Defendant should have known, that its actions constitute infringement of the '336 patent. Accordingly, Defendant's actions constitute willful and intentional infringement of the '336 patent.

30.    Defendant has directly infringed, and continues to directly infringe, one or more claims of the '336 patent in at least this District by at least offering to sell, selling and/or importing, without limitation, the Lumos Ultra product, as summarized in the chart attached hereto as Exhibit 5 and incorporated herein both literally and/or under the doctrine of equivalents. The chart in Exhibit 5 provides an exemplary, non-limiting demonstration showing how Defendant's Ultra product infringes claim 1 of the '336 patent.

31.    Defendant has also directly infringed, and continues to directly infringe, one or more claims of the '336 patent in at least this District by at least offering to sell, selling and/or importing, without limitation, the Lumos Ultra E-Bike product, as summarized in the chart attached hereto as Exhibit 6 and incorporated herein both literally and/or under the doctrine of equivalents. The chart in Exhibit 6 provides an exemplary, non-limiting demonstration showing how Defendant's Ultra E-Bike product infringes claim 1 of the '336 patent.

32.    By no later than the time of the filing of this action, Defendant knew, or should have known, that its actions constitute infringement of the '336 patent.  Defendant has nonetheless continued in its infringement.  Also, since at least the filing of the complaint, Defendant has

actively, knowingly, and intentionally induced infringement of the '336 patent, literally and/or under the doctrine of equivalents, by selling its infringing products to its customers and instructing its customers to use the products when riding bicycles or e-bikes, as shown on Defendant's webpages.

https://web.archive.org/web/20240418212423/https://ridelumos.com/collections/commuter-bike-helmets/products/lumos-kickstart;                https://ridelumos.com/products/lumos-ultra; https://ridelumos.com/products/lumos-ultra-e-bike.

33.    Defendant has continued to undertake its acts of infringement without permission or license from Plaintiff.  Defendant continued to undertake its acts of infringement despite an objectively high likelihood that such activities infringed the '336 patent.  Defendant has known, or it was so obvious that Defendant should have known, that its actions constitute infringement of the '336 patent.  Accordingly, Defendant's actions constitute willful and intentional infringement of the '336 patent.

34.    Pursuant to 35 U.S.C. § 284, Plaintiff is entitled to damages for Defendant's infringing acts and treble damages, together with interest and costs as fixed by this Court.

35.    Pursuant to 35 U.S.C. § 285, Plaintiff is entitled to reasonable attorneys' fees for the necessity of bringing this claim.

36.    As a result of Defendant's actions constituting patent infringement, Plaintiff has suffered great and irreparable injury, for which Plaintiff has no adequate remedy at law.

37.    Defendant will continue to infringe Plaintiff's patent rights to the great and irreparable injury of Plaintiff unless Defendant is enjoined by this Court.

11697584v1

## COUNT III

### (Patent Infringement of the '261 Patent)

38.    Plaintiff realleges Paragraphs 1-37, as if fully set forth herein.

39.    This is a claim for patent infringement under 35 U.S.C. § 271.

40.    Defendant has directly infringed one or more claims of the '261 patent in at least this District by at least offering to sell, selling and/or importing, without limitation, the Lumos Kickstart product, as summarized in the chart attached hereto as Exhibit 7 and incorporated herein both literally and/or under the doctrine of equivalents. The chart in Exhibit 7 provides an exemplary, non-limiting demonstration showing how Defendant's Kickstart product infringes claim 9 of the '261 patent.

41.    Defendant has had actual knowledge of its infringement of the '261 patent at least since Plaintiff provided written notice.  Since at least receiving this written notice, Defendant directly infringed one or more claims of the '261 patent by at least offering to sell, selling and/or importing, without limitation, the Lumos Kickstart product.  Also, since at least receiving this written notice, Defendant has actively, knowingly, and intentionally induced infringement of the '261 Patent, literally and/or under the doctrine of equivalents, by selling its infringing products to its customers and instructing its customers to use the products when riding bicycles, as shown on Defendant's                                    webpage.                           *See* https://web.archive.org/web/20240418212423/https://ridelumos.com/collections/commuter-bike-helmets/products/lumos-kickstart.

42.    Defendant undertook its acts of infringement without permission or license from Plaintiff.  Defendant had actual knowledge of Plaintiff's rights in the '261 patent.  Defendant undertook its acts of infringement despite an objectively high likelihood that such activities

9

infringed the '261 patent. Defendant knew, or it was so obvious that Defendant should have known, that its actions constitute infringement of the '261 patent. Accordingly, Defendant's actions constitute willful and intentional infringement of the '261 patent.

43.    Defendant has directly infringed, and continues to directly infringe, one or more claims of the '261 patent in at least this District by at least offering to sell, selling and/or importing, without limitation, the Lumos Ultra product, as summarized in the chart attached hereto as Exhibit 8 and incorporated herein both literally and/or under the doctrine of equivalents. The chart in Exhibit 8 provides an exemplary, non-limiting demonstration showing how Defendant's Ultra product infringes claim 9 of the '261 patent.

44.    Defendant has also directly infringed, and continues to directly infringe, one or more claims of the '261 patent in at least this District by at least offering to sell, selling and/or importing, without limitation, the Lumos Ultra E-Bike product, as summarized in the chart attached hereto as Exhibit 9 and incorporated herein both literally and/or under the doctrine of equivalents. The chart in Exhibit 9 provides an exemplary, non-limiting demonstration showing how Defendant's Ultra E-Bike product infringes claim 9 of the '261 patent.

45.    Defendant has also directly infringed, and continues to directly infringe, one or more claims of the '261 patent in at least this District by at least offering to sell, selling and/or importing, without limitation, the Lumos Nyxel product, as summarized in the chart attached hereto as Exhibit 10 and incorporated herein both literally and/or under the doctrine of equivalents. The chart in Exhibit 10 provides an exemplary, non-limiting demonstration showing how Defendant's Nyxel product infringes claim 9 of the '261 patent.

46.    By no later than the time of the filing of this action, Defendant knew, or should have known, that its actions constitute infringement of the '261 patent. Defendant has nonetheless

continued in its infringement.  Also, since at least the filing of the complaint, Defendant has actively, knowingly, and intentionally induced infringement of the '261 patent, literally and/or under the doctrine of equivalents, by selling its infringing products to its customers and instructing its customers to use the products when riding bicycles or e-bikes, as shown on Defendant's webpages.                                                                                                         *See* https://web.archive.org/web/20240418212423/https://ridelumos.com/collections/commuter-bike-helmets/products/lumos-kickstart;                   https://ridelumos.com/products/lumos-ultra; https://ridelumos.com/products/lumos-ultra-e-bike; https://ridelumos.com/products/lumos-nyxel.

47.   Defendant has continued to undertake its acts of infringement without permission or license from Plaintiff.  Defendant has continued to undertake its acts of infringement despite an objectively high likelihood that such activities infringed the '261 patent.  Defendant has known, or it was so obvious that Defendant should have known, that its actions constitute infringement of the '261 patent.  Accordingly, Defendant's actions constitute willful and intentional infringement of the '261 patent.

48.   Pursuant to 35 U.S.C. § 284, Plaintiff is entitled to damages for Defendant's infringing acts and treble damages, together with interest and costs as fixed by this Court.

49.   Pursuant to 35 U.S.C. § 285, Plaintiff is entitled to reasonable attorneys' fees for the necessity of bringing this claim.

50.   As a result of Defendant's actions constituting patent infringement, Plaintiff has suffered great and irreparable injury, for which Plaintiff has no adequate remedy at law.

51.   Defendant will continue to infringe Plaintiff's patent rights to the great and irreparable injury of Plaintiff unless Defendant is enjoined by this Court.

11697584v1

## COUNT IV

### (Patent Infringement of the '045 Patent)

52.    Plaintiff realleges Paragraphs 1-51, as if fully set forth herein.

53.    This is a claim for patent infringement under 35 U.S.C. § 271.

54.    Defendant has directly infringed one or more claims of the '045 patent in at least this District by at least offering to sell, selling and/or importing, without limitation, the Lumos Kickstart product, as summarized in the chart attached hereto as Exhibit 11 and incorporated herein both literally and/or under the doctrine of equivalents. The chart in Exhibit 11 provides an exemplary, non-limiting demonstration showing how Defendant's Kickstart product infringes claim 1 of the '045 patent.

55.    Defendant has had actual knowledge of its infringement of the '045 patent, at least since Plaintiff provided written notice.  Since at least receiving this written notice, Defendant directly infringed one or more claims of the '045 patent by at least offering to sell, selling and/or importing, without limitation, the Lumos Kickstart product.  Also, since at least receiving this written notice, Defendant has actively, knowingly, and intentionally induced infringement of the '045 patent, literally and/or under the doctrine of equivalents, by selling its infringing products to its customers and instructing its customers to use the products when riding bicycles, as shown on Defendant's                                        webpage.                                        *See* https://web.archive.org/web/20240418212423/https://ridelumos.com/collections/commuter-bike-helmets/products/lumos-kickstart.

56.    Defendant undertook its acts of infringement without permission or license from Plaintiff.  Defendant had actual knowledge of Plaintiff's rights in the '045 patent.  Defendant undertook its acts of infringement despite an objectively high likelihood that such activities

infringed the '045 patent.  Defendant knew, or it was so obvious that Defendant should have known, that its actions constitute infringement of the '045 patent.  Accordingly, Defendant's actions constitute willful and intentional infringement of the '045 patent.

57.    Defendant has directly infringed, and continues to directly infringe, one or more claims of the '045 patent in at least this District by at least offering to sell, selling and/or importing, without limitation, the Lumos Ultra product, as summarized in the chart attached hereto as Exhibit 12 and incorporated herein both literally and/or under the doctrine of equivalents. The chart in Exhibit 12 provides an exemplary, non-limiting demonstration showing how Defendant's Ultra product infringes claim 1 of the '045 patent.

58.    Defendant has also directly infringed, and continues to directly infringe, one or more claims of the '045 patent in at least this District by at least offering to sell, selling and/or importing, without limitation, the Lumos Ultra E-Bike product, as summarized in the chart attached hereto as Exhibit 13 and incorporated herein both literally and/or under the doctrine of equivalents.  The chart in Exhibit 13 provides an exemplary, non-limiting demonstration showing how Defendant's Ultra E-Bike product infringes claim 1 of the '045 patent.

59.    Defendant has also directly infringed, and continues to directly infringe, one or more claims of the '045 patent in at least this District by at least offering to sell, selling and/or importing, without limitation, the Lumos Nyxel product, as summarized in the chart attached hereto as Exhibit 14 and incorporated herein both literally and/or under the doctrine of equivalents. The chart in Exhibit 14 provides an exemplary, non-limiting demonstration showing how Defendant's Nyxel product infringes claim 1 of the '045 patent.

60.    By no later than the time of the filing of this action, Defendant knew, or should have known, that its actions constitute infringement of the '045 patent.  Defendant has nonetheless

13

11697584v1

continued in its infringement. Also, since at least the filing of the complaint, Defendant has actively, knowingly, and intentionally induced infringement of the '045 patent, literally and/or under the doctrine of equivalents, by selling its infringing products to its customers and instructing its customers to use the products when riding bicycles or e-bikes, as shown in a printout on Defendant's webpages. *See* https://web.archive.org/web/20240418212423/https://ridelumos.com/collections/commuter-bike-helmets/products/lumos-kickstart; https://ridelumos.com/products/lumos-ultra; https://ridelumos.com/products/lumos-ultra-e-bike; https://ridelumos.com/products/lumos-nyxel.

61.    Defendant has continued to undertake its acts of infringement without permission or license from Plaintiff. Defendant has continued to undertake its acts of infringement despite an objectively high likelihood that such activities infringed the '045 patent. Defendant has known, or it was so obvious that Defendant should have known, that its actions constitute infringement of the '045 patent. Accordingly, Defendant's actions constitute willful and intentional infringement of the '045 patent.

62.    Pursuant to 35 U.S.C. § 284, Plaintiff is entitled to damages for Defendant's infringing acts and treble damages, together with interest and costs as fixed by this Court.

63.    Pursuant to 35 U.S.C. § 285, Plaintiff is entitled to reasonable attorneys' fees for the necessity of bringing this claim.

64.    As a result of Defendant's actions constituting patent infringement, Plaintiff has suffered great and irreparable injury, for which Plaintiff has no adequate remedy at law.

65.    Defendant will continue to infringe Plaintiff's patent rights to the great and irreparable injury of Plaintiff unless Defendant is enjoined by this Court.

11697584v1

## COUNT V

### (Patent Infringement of the '444 Patent)

66.    Plaintiff realleges Paragraphs 1-65, as if fully set forth herein.

67.    This is a claim for patent infringement under 35 U.S.C. § 271.

68.    Defendant has directly infringed, and continues to directly infringe, one or more claims of the '444 patent in at least this District by at least offering to sell, selling and/or importing, without limitation, the Lumos Ultra product, as summarized in the chart attached hereto as Exhibit 15 and incorporated herein both literally and/or under the doctrine of equivalents. The chart in Exhibit 15 provides an exemplary, non-limiting demonstration showing how Defendant's Ultra product infringes claim 1 of the '444 patent.

69.    Defendant has also directly infringed, and continues to directly infringe, one or more claims of the '444 patent in at least this District by at least offering to sell, selling and/or importing, without limitation, the Lumos Ultra E-Bike product, as summarized in the chart attached hereto as Exhibit 16 and incorporated herein both literally and/or under the doctrine of equivalents. The chart in Exhibit 16 provides an exemplary, non-limiting demonstration showing how Defendant's Ultra E-Bike product infringes claim 1 of the '444 patent.

70.    Defendant has also directly infringed, and continues to directly infringe, one or more claims of the '444 patent in at least this District by at least offering to sell, selling and/or importing, without limitation, the Lumos Nyxel product, as summarized in the chart attached hereto as Exhibit 17 and incorporated herein both literally and/or under the doctrine of equivalents. The chart in Exhibit 17 provides an exemplary, non-limiting demonstration showing how Defendant's Nyxel product infringes claim 1 of the '444 patent.

11697584v1

71.   By no later than the time of the filing of this action, Defendant knew, or should have known, that its actions constitute infringement of the '444 patent.  Defendant has nonetheless continued in its infringement.  Also, since at least the filing of the complaint, Defendant has actively, knowingly, and intentionally induced infringement of the '444 patent, literally and/or under the doctrine of equivalents, by selling its infringing products to its customers and instructing its customers to use the products when riding bicycles or e-bikes, as shown on Defendant's webpages.  https://ridelumos.com/products/lumos-ultra;  https://ridelumos.com/products/lumos-ultra-e-bike; https://ridelumos.com/products/lumos-nyxel.

72.   Defendant has continued to undertake its acts of infringement without permission or license from Plaintiff.  Defendant has continued to undertake its acts of infringement despite an objectively high likelihood that such activities infringed the '444 patent.  Defendant has known, or it was so obvious that Defendant should have known, that its actions constitute infringement of the '444 patent.  Accordingly, Defendant's actions constitute willful and intentional infringement of the '444 patent.

73.   Pursuant to 35 U.S.C. § 284, Plaintiff is entitled to damages for Defendant's infringing acts and treble damages, together with interest and costs as fixed by this Court.

74.   Pursuant to 35 U.S.C. § 285, Plaintiff is entitled to reasonable attorneys' fees for the necessity of bringing this claim.

75.   As a result of Defendant's actions constituting patent infringement, Plaintiff has suffered great and irreparable injury, for which Plaintiff has no adequate remedy at law.

76. Defendant will continue to infringe Plaintiff's patent rights to the great and irreparable injury of Plaintiff unless Defendant is enjoined by this Court.

## COUNT VI

### (Patent Infringement of the '864 Patent)

77.    Plaintiff realleges Paragraphs 1-76, as if fully set forth herein.

78.    This is a claim for patent infringement under 35 U.S.C. § 271.

79.    Defendant has directly infringed, and continues to directly infringe, one or more claims of the '864 patent in at least this District by at least offering to sell, selling and/or importing, without limitation, the Lumos Ultra product, as summarized in the chart attached hereto as Exhibit 18 and incorporated herein both literally and/or under the doctrine of equivalents. The chart in Exhibit 18 provides an exemplary, non-limiting demonstration showing how Defendant's Ultra product infringes claim 1 of the '864 patent.

80.    Defendant has also directly infringed, and continues to directly infringe, one or more claims of the '864 patent in at least this District by at least offering to sell, selling and/or importing, without limitation, the Lumos Ultra E-Bike product, as summarized in the chart attached hereto as Exhibit 19 and incorporated herein both literally and/or under the doctrine of equivalents. The chart in Exhibit 19 provides an exemplary, non-limiting demonstration showing how Defendant's Ultra E-Bike product infringes claim 1 of the '864 patent.

81.    By no later than the time of the filing of this action, Defendant knew, or should have known, that its actions constitute infringement of the '864 patent.  Defendant has nonetheless continued in its infringement.  Also, since at least the filing of the complaint, Defendant has actively, knowingly, and intentionally induced infringement of the '864 patent, literally and/or under the doctrine of equivalents, by selling its infringing products to its customers and instructing its customers to use the products when riding bicycles or e-bikes, as shown on Defendant's

webpages.  https://ridelumos.com/products/lumos-ultra;  https://ridelumos.com/products/lumos-ultra-e-bike.

82.    Defendant has continued to undertake its acts of infringement without permission or license from Plaintiff.  Defendant continued to undertake its acts of infringement despite an objectively high likelihood that such activities infringed the '864 patent.  Defendant has known, or it was so obvious that Defendant should have known, that its actions constitute infringement of the '864 patent.  Accordingly, Defendant's actions constitute willful and intentional infringement of the '864 patent.

83.    Pursuant to 35 U.S.C. § 284, Plaintiff is entitled to damages for Defendant's infringing acts and treble damages, together with interest and costs as fixed by this Court.

84.    Pursuant to 35 U.S.C. § 285, Plaintiff is entitled to reasonable attorneys' fees for the necessity of bringing this claim.

85.    As a result of Defendant's actions constituting patent infringement, Plaintiff has suffered great and irreparable injury, for which Plaintiff has no adequate remedy at law.

86.    Defendant will continue to infringe Plaintiff's patent rights to the great and irreparable injury of Plaintiff unless Defendant is enjoined by this Court.

## COUNT VII

### (Patent Infringement of the '387 Patent)

87.    Plaintiff realleges Paragraphs 1-86, as if fully set forth herein.

88.    This is a claim for patent infringement under 35 U.S.C. § 271.

89.    Defendant has directly infringed, and continues to directly infringe, one or more claims of the '387 patent in at least this District by at least offering to sell, selling and/or importing, without limitation, the Lumos Ultra product, as summarized in the chart attached hereto as Exhibit

18

20 and incorporated herein both literally and/or under the doctrine of equivalents. The chart in Exhibit 20 provides an exemplary, non-limiting demonstration showing how Defendant's Ultra product infringes claim 6 of the '387 patent.

90.    Defendant has also directly infringed, and continues to directly infringe, one or more claims of the '387 patent in at least this District by at least offering to sell, selling and/or importing, without limitation, the Lumos Ultra E-Bike product, as summarized in the chart attached hereto as Exhibit 21 and incorporated herein both literally and/or under the doctrine of equivalents. The chart in Exhibit 21 provides an exemplary, non-limiting demonstration showing how Defendant's Ultra E-Bike product infringes claim 6 of the '387 patent

91.    Defendant has also directly infringed, and continues to directly infringe, one or more claims of the '387 patent in at least this District by at least offering to sell, selling and/or importing, without limitation, the Lumos Nyxel product, as summarized in the chart attached hereto as Exhibit 22 and incorporated herein both literally and/or under the doctrine of equivalents. The chart in Exhibit 22 provides an exemplary, non-limiting demonstration showing how Defendant's Nyxel product infringes claim 6 of the '387 patent.

92.    By no later than the time of the filing of this action, Defendant knew, or should have known, that its actions constitute infringement of the '387 patent.  Defendant has nonetheless continued in its infringement.  Also, since at least the filing of the complaint, Defendant has actively, knowingly, and intentionally induced infringement of the '387 patent, literally and/or under the doctrine of equivalents, by selling its infringing products to its customers and instructing its customers to use the products when riding bicycles or e-bikes, as shown on Defendant's webpages.  https://ridelumos.com/products/lumos-ultra;   https://ridelumos.com/products/lumos-ultra-e-bike; https://ridelumos.com/products/lumos-nyxel.

19

93.    Defendant has continued to undertake its acts of infringement without permission or license from Plaintiff.  Defendant continued to undertake its acts of infringement despite an objectively high likelihood that such activities infringed the '387 patent.  Defendant has known, or it was so obvious that Defendant should have known, that its actions constitute infringement of the '387 patent.  Accordingly, Defendant's actions constitute willful and intentional infringement of the '387 patent.

94.    Pursuant to 35 U.S.C. § 284, Plaintiff is entitled to damages for Defendant's infringing acts and treble damages, together with interest and costs as fixed by this Court.

95.    Pursuant to 35 U.S.C. § 285, Plaintiff is entitled to reasonable attorneys' fees for the necessity of bringing this claim.

96.    As a result of Defendant's actions constituting patent infringement, Plaintiff has suffered great and irreparable injury, for which Plaintiff has no adequate remedy at law.

97.    Defendant will continue to infringe Plaintiff's patent rights to the great and irreparable injury of Plaintiff unless Defendant is enjoined by this Court.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment against Defendant as follows:

A.  That Defendant has infringed and is infringing the Asserted Patents both literally and/or under the doctrine of equivalents;

B.  That Defendant has induced, and is inducing, infringement of the '261, '045, '444, '864, and '387 patents both literally and/or under the doctrine of equivalents;

C.  That Defendant has willfully infringed, and is willfully infringing, the '261, '045, '444, '864, and '387 patents;

11697584v1

D.  That the Asserted Patents are valid and enforceable;

E.  That Defendant, its officers, agents, and employees, and those persons in active concert or participation with any of them, and its successors and assigns be preliminary and permanently enjoined from resuming the making, using, offering to sell, and selling within the United States, and importing into the United States, the Lumos Kickstart product identified in Exhibits 1, 4, 7, and 11, as well as any products that are not colorably different therefrom;

F.  That Defendant, its officers, agents, and employees, and those persons in active concert or participation with any of them, and its successors and assigns be preliminary and permanently enjoined from making, using, offering to sell, and selling within the United States, and importing into the United States, the Lumos Ultra product, Lumos Ultra E-Bike product, and Lumos Nyxel product, identified in Exhibits 2, 3, 5, 6, 8, 9, 10, 12, 13, 15, 16, 17, 18, 19, 20, 21, and 22, as well as any products that are not colorably different therefrom;

G.  For an accounting for any infringing sales not presented at trial and an award by the Court of additional damages for any such infringing sales;

H.  That Defendant be ordered to account for, and pay to, Plaintiff the damages resulting from Defendant's infringement of the Asserted Patents, together with interest and costs, and all other damages permitted by 35 U.S.C. 284, including enhanced damages up to three times the amount of damages found or measured, but in any event no less than a reasonable royalty;

I.  That this action be adjudged an exceptional case and Plaintiff be awarded its attorneys' fees, expenses, and costs in this action pursuant to 35 U.S.C. § 285; and

21

J.   That Plaintiff be awarded such other equitable or legal relief as this Court deems just

and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands a trial by jury as to all triable

issues.

Respectfully submitted,

By:    */s/Bruce C. Morris*
Bruce C. Morris
Kane Russell Coleman Logan PC
Texas Bar No. 14469850
bmorrris@krcl.com
5151 San Felipe Street, Suite 800
Houston, Texas 77056
Telephone: (713) 425-7450
Fax: (713) 425-7700

David G. Kim (SBN 307,821)*
david.kim@fciplaw.com
Michael K. Friedland (SBN 157,217)*
michael.friedland@fciplaw.com
Joseph S. Cianfrani (SBN 196,186)*
joe.cianfrani@fciplaw.com
FRIEDLAND CIANFRANI LLP
17901 Von Karman Ave., Suite 925
Irvine, CA 92614
Telephone: (949) 734-4900
**ATTORNEYS FOR PLAINTIFF
VERNON LOMBARD**

* Motion to admit *pro hac vice* forthcoming.

22